UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 20, 2019

LETTER TO COUNSEL

RE: *Keith W. v. Commissioner, Social Security Administration*;
Civil No. SAG-18-2391

Dear Counsel:

On August 6, 2018, Plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 16-18. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed his claim for benefits on July 3, 2014, alleging an onset date of December 31, 2013. Tr. 311-16. His claim was denied initially and on reconsideration. Tr. 151-54, 157-58. A hearing was held on October 12, 2017, before an Administrative Law Judge ("ALJ"). Tr. 56-122. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 9-35. The Appeals Council declined review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that, during the relevant time frame, Plaintiff suffered from the severe impairments of "status-post brain injury with residual chronic pain, migraine headaches, borderline intellectual functioning, post-traumatic stress disorder, anxiety, depression, and substance abuse." Tr. 15. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except he frequently can climb ramps and stairs, but he never can climb ladders, ropes, or scaffolds; and he frequently can stoop, kneel, crouch, crawl, and balance on uneven surfaces. The claimant can perform simple, routine, and repetitive tasks with one- or two-step instructions; he can perform production-oriented work that requires little independent decision-making; he can have occasional interaction with supervisors, coworkers, and the public; and he can have few changes in the routine work setting. Time off-task can be accommodated by normal breaks.

Tr. 17. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform his past relevant work as a cleaner-housekeeper. Tr. 27. The ALJ made an alternative finding that Plaintiff could perform other jobs existing in significant numbers in the national economy. Tr. 28. Therefore, the ALJ concluded that Plaintiff was not disabled during the relevant time frame. Tr. 29.

Plaintiff makes two arguments on appeal: (1) that the ALJ's analysis of Plaintiff's limitations in concentration, persistence, or pace was flawed and runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); and (2) that the ALJ's conclusions at steps four and five were not supported by substantial evidence, because the hypothetical posed to the VE was flawed under the Fourth Circuit's decision in *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019). I agree that the ALJ opinion did not comport with either *Mascio* or *Thomas*, and I therefore remand the case for further analysis. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff was not entitled to benefits is correct.

First, Plaintiff argues that the ALJ's RFC analysis of Plaintiff's limitations in concentration, persistence, or pace failed to comply with the requirements of *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 637-38. At step three of the sequential evaluation, the SSA determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2018). Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00 (2018). The relevant listings therein consist of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* §§ 12.00(A), (G). A claimant's impairments meet the listings relevant to this case by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria. *Id.* § 12.00(A).

Paragraph B consists of four broad functional areas including: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. *Id.* § 12.00(A)(2)(b). The functional area of concentration, persistence, or pace "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." *Id.* § 12.00(E)(3).

The SSA employs the "special technique" to rate a claimant's degree of limitation in each functional area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 404.1520a(b), (c)(2), 416.920a(b), (c)(2) (2018). The SSA uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. *Id.* § 416.920a(c)(4). A moderate limitation signifies that the claimant has only a fair ability to

function in the relevant area of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(F)(2)(c) (2018).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

In the instant case, the ALJ found that Plaintiff had moderate difficulties maintaining concentration, persistence, or pace. Tr. 16. The ALJ's analysis stated:

> With regard to concentrating, persisting, or maintaining pace, the claimant has a moderate limitation. The claimant alleges poor concentration. However, he enjoys reading and playing videogames online. Concentration was fair during his second consultative examination. He did not miss any points on the attention and calculation sections during his first consultative examination. During testimony, the claimant responded appropriately to the questions being asked.

Tr. 16 (internal citations omitted). That analysis contains no discussion of Plaintiff's ability to sustain work over a typical workday. The other daily tasks cited by the ALJ are not typically tasks that are sustained over eight-hour, or even two-hour, periods.

In explaining how she arrived at Plaintiff's RFC, the ALJ stated that "[t]he claimant's moderate limitations in concentration, persistence, and pace inform the limitations in task complexity." Tr. 26. The restrictions relating to task complexity – "simple, routine, and repetitive tasks with one- or two-step instructions" – are directly analogous to the limitations deemed insufficient in *Mascio*. *Mascio*, 780 F.3d at 638 (quoting *Winschel*, 631 F.3d at 1180) (finding "simple, routine tasks or unskilled work" to be insufficient to address a claimant's moderate limitations in concentration, persistence, or pace). Although the ALJ did not afford it much weight, the record in this case contains specific medical evidence documenting difficulty with task persistence. Tr. 21, 430-34. In the absence of any additional limitation to accommodate Plaintiff's moderate difficulties maintaining concentration, persistence, or pace, *Mascio* requires that the ALJ explain why no such limitation is required. *Mascio*, 780 F.3d at 638. The ALJ has not provided such an explanation here.

The Commissioner attempts to distinguish *Mascio* based on the ALJ's robust discussion of the evidence in the record. ECF 17-1. While the ALJ may have discussed the evidence at length, she failed to explain whether Plaintiff's moderate limitations in concentration, persistence, and pace affected his ability to perform work-related tasks consistently throughout an 8-hour workday. The Commissioner additionally contends that the ALJ specifically addressed Plaintiff's concentration, persistence, and pace limitations by finding that his time off-task could be accommodated by normal breaks. ECF 17-1. However, those breaks are encompassed within a normal workday, and are not specific limitations designed to address Plaintiff's particular concentration, persistence, or pace issues. *See* SSR 96-9p, 1996 WL 374185 (S.S.A. July 2, 1996) (describing a normal workday as including a morning break, lunch period, and afternoon break at approximately two-hour intervals, and noting that the occupational base is not eroded by those regular breaks). A statement asserting a lack of limitation, without an accompanying explanation, does not satisfy the *Mascio* requirement. Therefore, this case is not distinguishable from *Mascio*, and remand is warranted.

Plaintiff's second argument is that the ALJ's hypothetical to the VE was flawed because the ALJ limited Plaintiff to "production-oriented work," a term defined neither by regulation nor the DOT. Tr. 21. The Fourth Circuit has recently remanded cases in which the ALJ used phrases in the RFC similar to "production-oriented work" without providing further explanation or definition. *Thomas v. Berryhill*, 916 F.3d 307, 312-13 (4th Cir. 2019) (holding that ALJ's failure to define "production rate or demand pace" frustrated appellate review); *Perry v. Berryhill*, No. 18-1076, 765 F. App'x 869, 872 (4th Cir. Mar. 8, 2019) (unpublished) (remanding for ALJ's failure to define "non-production oriented work setting"). In this case, Plaintiff presents the argument as a flaw in the hypothetical presented to the VE instead of a flaw in the RFC assessment, although the deficient RFC assessment would also infect the identical hypothetical. The term "production-oriented work" is analogous to the term deemed problematic in *Thomas*.[1] Therefore, remand is warranted to allow the ALJ to clarify the RFC assessment and hypothetical to the VE, in order to establish that the VE's testimony constitutes substantial evidence supporting the ALJ's conclusion.

Without mentioning *Thomas*, the Commissioner argues that the ALJ permissibly relied on the VE's testimony as substantial evidence, because the VE did not express confusion about the term. ECF 17-1. In light of *Thomas*, this argument cannot stand.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 16, is DENIED and Defendant's Motion for Summary Judgment, ECF 17, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to

---

[1] The Court notes the RFC limitation in this case may actually be more ambiguous than that in *Thomas*. In *Thomas*, the RFC provision restricting the claimant from "production rate or demand pace" jobs was clearly intended to impose a limitation on the pace or rate of work. Here, "production-oriented work" could just as well refer to the type of work, rather than the pace. Strangely, the jobs identified by the ALJ are largely service jobs, not production jobs. Without any explanation from the ALJ, the Court is unable to understand the purpose and to assess the sufficiency of the RFC provision.

inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The Clerk is directed to CLOSE this case.  Despite the informal nature of this letter, it should be flagged as an opinion.  A separate order will issue.

                                           Sincerely yours,

                                                  /s/

                                          Stephanie A. Gallagher
                                          United States Magistrate Judge